## Case No. 13,079a.

### SMITH v. MILES.

[Hempst. 34.] [2]

Superior Court, Territory of Arkansas. Oct. 1825.

CONSTABLES—LIABILITY FOR TRESPASS—REGULARITY OF WRIT—MALICE—PROPER ACTION.

1. If the subject-matter is within the jurisdiction of the magistrate, and the execution regular on its face, the officer executing the same cannot be *held* liable as a trespasser.

2. No person acting under a regular writ or warrant can be liable in trespass, however malicious his conduct; but case for the malicious motive, and want of probable cause for the proceeding, is the only sustainable form of action.

3. In such a case, a motion is not the proper remedy to reach the officer executing the writ.

[This was an action by Benjamin L. Miles against Henry L. Smith to recover moneys illegally collected.]

OPINION OF THE COURT. This was a motion made in the Chicot circuit court by Miles against Smith, as constable of Oden

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel H. Hempstead, Esq.]

township, to compel him to refund money collected from Miles. Andrew Latting obtained judgment against Miles before Thomas James, a justice of the peace of Oden township, which was taken to the Chicot circuit court by certiorari; and pending the writ of certiorari, the justice issued execution, delivered it to Smith to execute, which he did do, so far as to make the costs; and this is the money prayed to be refunded, and judgment was rendered for the purpose. It is not shown that Smith, the officer, had any knowledge of the existence of the certiorari; and under this state of case, Smith's counsel contend that he is not liable at all, but, if so, not by motion; and this we hold is a correct position. If the subject-matter is within the jurisdiction of the magistrate, and the execution is regular on its face, the constable cannot be liable as a trespasser. 1 Chit. Pl. 210; Wise v. Withers, 3 Cranch [7 U. S.] 331; 8 Johns. 45. This case falls within that rule, as far as we can judge from the record.

If Smith had knowledge of the certiorari, and acted maliciously, he might be liable to an action on the case for such malicious conduct. In speaking of the action of trespass, it is said, that "no person who acts upon a regular writ or warrant can be liable in this action, however malicious his conduct; but case for the malicious motive, and want of probable cause for the proceeding, is the only sustainable form of action." 1 Chit. Pl. 214; 1 Strange, 509; 2 Term R. 653; 6 Term R. 245; Willes, 32. There is no pretence that Smith acted with a malicious intention, and therefore could not be liable in case (1 Chit. Pl. 152); and we have seen is not liable in trespass. Can it, then, be seriously contended, that if not liable in any form of action, he could be held responsible on motion? Supposing Smith, however, to have acted maliciously, it is a question of fact to be tried by a jury, and not by motion, the latter remedy being founded on the record alone, except in a few cases under the statute, and provided for by statute, to prevent the delay and costs of a regular suit, and which does not usually admit of a trial of disputed facts. Judgment reversed.